UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGIA THOMPSON,

    Plaintiff,

v.                                         Case No. 8:15-cv-2361-T-33MAP

VESPER USF, LLC d/b/a THE
POINTE AT SOUTH FLORIDA ,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    In her Second Amended Complaint, Plaintiff brings a claim for violation of the Civil Rights Act against her housing complex (doc. 10). Plaintiff explains that her daughter, a USF student, signed a lease with Defendant, a student-housing complex, but that Plaintiff – and not her daughter – moved into the complex (*id.*). Plaintiff alleges that Defendant discriminated against her based upon her age when her roommates denied her the right to equally share the kitchen space in their apartment and called her "old" (*id.*). Before me is Plaintiff's renewed motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (doc. 11).[1] After consideration, I recommend Plaintiff's motion for leave to proceed *in forma pauperis* be denied.

    A district court must dismiss an *in forma pauperis* complaint at any time if it determines the action is "frivolous or malicious" or "fails to state a claim on which relief

---

[1] I previously denied without prejudice Plaintiff's first motion for leave to proceed *in forma pauperis* (doc. 6). As a result, Plaintiff filed her Second Amended Complaint.

may be granted." 28 U.S.C. § 1915(e)(2)(B).  Dismissal is also appropriate if review of the Complaint reveals a lack of subject matter jurisdiction. *Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011).

Under the facts currently alleged, Plaintiff has not invoked either statutory basis for federal court subject matter jurisdiction.  Plaintiff fails to allege facts supporting federal subject matter jurisdiction under 28 U.S.C. § 1331.  She purports to assert a claim under 42 U.S.C. § 1983 but does not allege state action by Defendant as required under section 1983.[2] *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002).  Plaintiff also has not established diversity jurisdiction under 28 U.S.C. § 1332 as she merely alleges that she resides in the United States and Defendant's corporate headquarters is located in the United States (doc. 10).  Thus, the Court cannot determine whether it has legal authority to hear Plaintiff's claims.

Moreover, Plaintiff's claim is frivolous.  A claim is considered frivolous if it "is without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation and quotations omitted); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  For all theses reasons, it is

RECOMMENDED:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 11) be DENIED.

---

[2] For this same reason, Plaintiff fails to state a claim upon which relief can be granted.

    2.    Plaintiff's Second Amended Complaint (doc. 10) be DISMISSED.

IT IS SO REPORTED in Tampa, Florida on October 28, 2015.

_/s/ Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.